UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ANTHONY WILLIAMS,<br><br>      Plaintiff,<br>  v.<br><br>BANNON, *et al.*,<br><br>      Defendants. | CASE NO. 3:25-cv-05706-LK-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: **September 5, 2025** |

Plaintiff James Anthony Williams, proceeding *pro se*, initiated this action on August 8, 2025, by filing a Proposed civil rights Complaint under 42 U.S.C. § 1983. Dkt. 1-2. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP"). Dkt. 1. However, Plaintiff has incurred at least three "strikes" under 28 U.S.C. § 1915(g) and is, therefore, ineligible to proceed IFP in this action. Thus, the undersigned recommends the IFP Motion (Dkt. 1) be **DENIED** and Plaintiff be required to pay the $405.00 filing fee before proceeding in this action. If Plaintiff fails to pay the filing fee by the court-imposed deadline, it is further recommended that this action be **DISMISSED without prejudice**.

//

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Plaintiff, who is currently incarcerated at Clallam Bay Corrections Center, filed this prisoner civil rights action concerning the low-fiber diet he is being fed at that facility. Dkt. 1-2 at 5–12. Plaintiff alleges this diet constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. *Id.* According to Plaintiff, the low-fiber diet caused him to develop colorectal cancer, which he self-diagnosed five to six weeks before initiating this action. *Id.* at 9. Plaintiff alleges the suspected cancer will spread absent a court-order directing that he be provided a different diet and outside medical treatment. *Id.* at 10–12. In addition to this injunctive relief, Plaintiff seeks $27 million in compensatory damages. *Id.* at 13.

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs IFP proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)). Indigent prisoners may still apply for and obtain IFP status, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051.

"Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051–52. The "three-strikes rule" contained in § 1915(g) of the PLRA states:

> In no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds

REPORT AND RECOMMENDATION - 2

that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The three-strikes rule does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the statute's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154–55 (9th Cir. 2008). Thus, when an IFP motion or application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915(e) and the action is dismissed, the dismissal counts as a "strike." *Id.* at 1155.

Here, the records of this Court and of the United States District Court for the Eastern District of Washington show that Plaintiff previously filed more than forty prisoner civil rights actions while incarcerated. Of those actions, at least three were dismissed for failure to state a claim upon which relief may be granted. Thus, the following prior dismissals constitute "strikes" pursuant to section 1915(g):

1. *Williams v. Karen Portine, et al.,* No. 2:11-cv-01214-JCC (W.D. Wash judgment entered Feb. 13, 2012);

2. *Williams v. Neely, et al.*, No. 2:15-cv-00489-BJR (W.D. Wash. judgment entered Oct. 13, 2015); and

3. *Williams v. Collins, et al.,* No. 2:15-cv-00735-MJP (W.D. Wash. judgment entered Sep. 23, 2015).

Further, this Court and the Eastern District of Washington previously determined that these and other cases are strikes for purposes of § 1915(g) and denied Plaintiff IFP status on that basis. *See Williams v. Holbrook, et al.*, No. 4:16-cv-5086-SAB (E.D. Wash. judgment entered Sep. 1, 2016); *Williams v. Sinclair, et al.*, No. 3:19-cv-5185-RBL (W.D. Wash. dismissed on Jun. 21, 2019); *Williams v. Sinclair, et al.*, No. 2:19-cv-345-JCC (W.D. Wash. judgment entered Jul. 24, 2019); *Williams v. Sinclair, et al.*, No. 3:21-cv-5347-RSM (W.D. Wash. judgment entered Jul. 6, 2021); *Williams v. Quirk, et al.*, No. 3:24-cv-6018-JLR (W.D. Wash. judgment

REPORT AND RECOMMENDATION - 3

1  entered Feb. 28, 2025); *Williams v. Quirk, et al.*, No. 3:25-cv-5082-JHS (W.D. Wash. judgment
2  entered Jun. 3, 2025).

3      Because Plaintiff has incurred at least three "strikes," he is barred from proceeding IFP
4  unless he shows he was "under imminent danger of serious physical injury" at the time he filed
5  his proposed complaint. *See* 28 U.S.C. § 1915(g). To satisfy this standard, a plaintiff must
6  plausibly allege a threat of harm that is imminent and "fairly traceable" to the complained of
7  conduct such that a favorable judicial outcome would redress the injury. *Ray v. Lara*, 31 F.4th
8  692, 701 (9th Cir. 2022). Plaintiff does make such a showing here.

9      Plaintiff complains that his current low-fiber diet is a form of unconstitutional
10 punishment. Dkt. 1-2 at 5–12. However, Plaintiff's allegations of adverse health effects caused
11 by that diet are too speculative to demonstrate he is under immediate threat of harm or that an
12 order granting him relief would redress the harm alleged. *See Petillo v. Armenta*, No. 24-CV-147
13 JLS (MSB), 2024 WL 500712, at *3 (S.D. Cal. Feb. 8, 2024) (noting that "overly speculative"
14 assertions and "generalized fears of possible future harm" are not enough to trigger imminent
15 harm exception for three-strike litigants); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1055
16 (9th Cir. 2007) (factual allegations of imminent harm must be specific and credible); *Bell Atl.*
17 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (factual allegations in the complaint must raise right
18 to relief above a speculative level).

19     As Plaintiff has incurred at least three strikes and failed to show he is facing immediate
20 danger of serious physical injury from the low-fiber diet about which he complains, the
21 undersigned recommends the IFP Motion (Dkt. 1) be denied and that Plaintiff be required to pay
22 the filing fee before he may proceed in this case.
23 //
24 //

REPORT AND RECOMMENDATION - 4

### III.    CONCLUSION

For the stated reasons, the undersigned finds that Plaintiff has incurred at least three "strikes" and is barred from proceeding without prepayment of fees under 28 U.S.C. § 1915(g). It is therefore recommended the IFP Motion (Dkt. 1) be **DENIED** and Plaintiff be **DIRECTED** to pay the $405.00 filing fee **within 30 days of the adoption of this Report and Recommendatio**n. If Plaintiff fails to pay the filing fee by the court-imposed deadline, it is further recommended this action be **DISMISSED without prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 5, 2025**, as noted in the caption.

Dated this 21st day of August, 2025.

Grady J. Leupold
United States Magistrate Judge